**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5209**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROCKY MORALES-CORTEZ,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:10-cr-00162-FL-1)

_____

Submitted:  August 25, 2011      Decided:  August 29, 2011

_____

Before MOTZ and KEENAN, Circuit Judges.[*]

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

_____

     [*] The opinion is filed by a quorum pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Rocky Morales-Cortez pled guilty to illegal reentry by a previously deported aggravated felon in violation of 8 U.S.C. § 1326 (2006) and he was sentenced to seventy-one months of imprisonment, the top of his properly calculated advisory Sentencing Guidelines range. On appeal, he alleges that his sentence was substantively unreasonable. For the reasons that follow, we affirm.

Morales-Cortez's sole claim on appeal is that his sentence was substantively unreasonable because a lower sentence within his Guidelines range of 57-71 months was adequate to punish his crime. He does not contest the propriety of his sixteen-level increase under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2010), for having reentered the country following a conviction for a drug trafficking offense, but notes that this enhancement is one of the largest in the Sentencing Guidelines. Thus, Morales-Cortez argues, a sentence lower in his range would have been sufficient to accomplish the purposes of sentencing.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008), which Morales-Cortez does not

contest. Then, we consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010), cert. denied, __ S. Ct. __, 2011 WL 2037948 (2011). A sentence within the advisory Guidelines range is accorded a presumption of reasonableness on appeal. Rita v. United States, 551 U.S. 338, 346-56 (2007).

We have reviewed the record and conclude that Morales-Cortez has failed to rebut the appellate presumption of correctness accorded to his sentence imposed within his advisory Sentencing Guidelines range. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (noting a defendant may rebut the presumption of correctness only by showing it was unreasonable when measured against the 18 U.S.C. § 3553(a) (2006) factors). The court was faced with a recalcitrant defendant who had been previously deported on two prior occasions and for whom shorter sentences failed to curb his criminal behavior. In sentencing Morales-Cortez, the court expressly discussed several § 3553(a) factors, including the history and characteristics of the defendant, the nature of the offense, respect for the law, protection of the public, and deterrence. Under a totality of the circumstances, we find that Morales-Cortez's within-Guidelines sentence was substantively

3

reasonable.   <u>Rita</u>, 551 U.S. at 346–56; <u>Mendoza–Mendoza</u>, 597 F.3d at 216.

Accordingly, we affirm.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4